UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CORINTHIA PATRICIA HAMILTON,<br><br>    *Appellant*,<br><br>    v.<br><br>HSBC BANK USA, NATIONAL ASSOCIATION as Trustee for Renaissance Home Equity Loan Asset-Backed Certificates, Series 2007-3,<br><br>    *Appellee*. | Case No. 3:19-cv-91-MPS |

## RULING DISMISSING BANKRUPTCY APPEAL

Appellee HSBC Bank U.S.A., National Association ("HSBC Bank") has moved on several grounds to dismiss this appeal from the Bankruptcy Court's decision to lift the automatic stay to allow HSBC to proceed with its foreclosure action against Appellant Corinthia Patricia Hamilton. I need not reach those grounds, however, because I find that the appeal must be dismissed on the ground that it is untimely, which means that I lack jurisdiction over it. In this ruling, I assume familiarity with the parties' briefs and the underlying record of the Bankruptcy Court, *In re: Corinthia Patricia Hamilton*, No. 18-20742 (Bankr. D. Conn.) (hereinafter "Bankr.").

Although a bankruptcy court's order lifting the automatic stay is final and immediately appealable to the district court, *In re Pegasus Agency, Inc.*, 101 F.3d 882, 885 (2d Cir. 1996), the appeal in this case is untimely. Bankruptcy Rule 8002 provides for a 14-day appeal period, and the 14-day time limit is jurisdictional, even for *pro se* litigants. *In re Coudert Bros. LLP*, 673 F.3d 180, 185 (2d Cir. 2012); *Chaturvedi v. O'Connell*, 335 Fed. Appx. 145, 146 (2d Cir. 2009). Here, the Bankruptcy Court entered the order that is the subject of this appeal—the order

1

granting HSBC Bank's motion for relief from the automatic bankruptcy stay—on August 20, 2018. Bankr. ECF No. 23. On September 5, 2018, the Bankruptcy Court denied Appellant Hamilton's August 31, 2018 motion for reconsideration of that decision, Bankr. ECF Nos. 25–26, the filing of which motion either belies or moots the unsworn statement in Hamilton's brief that the order granting the motion for relief was not mailed to Hamilton, Appellant Br., ECF No. 16 at 6. Hamilton filed the notice of appeal on January 11, 2019, Bankr. ECF No. 50, and it was docketed in this Court on January 17, 2019. ECF No. 1.

Apparently, Hamilton attempted to file a notice of appeal earlier—on October 5, 2018—but the Bankruptcy Court clerk's office returned the notice of appeal to Hamilton on the ground that the bankruptcy case had been closed on September 17, 2018. *See* Bankr. ECF No. 32 at 2, 8. The Bankruptcy Court later reopened the case to adjudicate a separate matter in the bankruptcy involving an automobile loan. *See* Bankr. ECF Nos. 32, 38, 43. But even had Hamilton been allowed to file the notice of appeal on October 5, 2018, it would still have been untimely under Bankruptcy Rule 8002, which, as noted, bars this Court from exercising jurisdiction over an appeal filed more than 14 days from entry of the judgment or order being appealed.

To be sure, the appeal was filed within 14 days of the Bankruptcy Court's January 2, 2019 order denying a *second* motion Hamilton filed related to the decision terminating the bankruptcy stay. That motion, filed on December 19, 2018, was entitled, "Motion for Relief from the Lift-Stay Order and For Order Allowing Contested Matter Procedure" but was described on the Bankruptcy Court's docket as "Motion to Reconsider or in the alternative, Motion to Extend Time to File A Notice Appeal." ECF No. 45. But neither the Bankruptcy Rules, Bankr. Rule 9023, nor the Local Rules of this Court, which the Bankruptcy Court has adopted for purposes of motion practice, Local Bankruptcy Rule 7007-1, permit the filing of multiple motions for

reconsideration.  And successive motions for reconsideration, no matter how they are styled, do not extend the appeal period. *Glinka v. Maytag Corp.*, 90 F.3d 72, 74 (2d Cir. 1996) ("Allowing subsequent motions to repeatedly toll the filing period for a notice of appeal would encourage frivolous motions and undermine a fundamental canon of our legal system, to promote the finality of judgments.").  Nor do they revive a previously expired appeal period.  This conclusion is especially fitting in this case, since the appeal challenges an underlying order granting relief from the automatic stay—one of the few types of orders for which the Bankruptcy Court is expressly prohibited from extending the appeal period. Bank. R. 8002(d)(2). The period for appealing the order lifting the automatic stay expired on September 19, 2018, 14 days from the Bankruptcy Court's ruling denying reconsideration. I therefore lack jurisdiction over this appeal.

Even if I were to treat Hamilton's December 19, 2018 motion, ECF No. 45, as a motion for relief from judgment, as opposed to a successive attempt at reconsideration of arguments previously rejected, *see* Bankr. Rule 9024 and Fed. R. Civ. P. 60(b), I would not consider it to have been filed "within a reasonable time," Fed. R. Civ. P. 60(c)(1), and would therefore affirm the Bankruptcy Court's decision denying it.  In light of the history of delays in this case (both in the Bankruptcy Court and in the underlying state court foreclosure action, in which the judgment of strict foreclosure was granted on December 5, 2017, *see also* ECF No. 18-1 at 12-13), Hamilton's failure to demonstrate good cause for those delays, and the need for expedition in the processing of motions for relief from an automatic stay recognized by Bankruptcy Rule 8002(d)(2), a gap of some five months between the order granting that relief and the filing of an appeal that seeks to challenge that order is not a "reasonable time."

In any event, Hamilton has not established any of the predicates for relief from judgment under Rule 60(b), and none of them appear to apply here.  Hamilton cannot demonstrate mistake,

inadvertence, or surprise, either with respect to the appeal period (for which neither such circumstances nor excusable neglect would help anyways, *In re Coudert Bros. LLP*, 673 F.3d at 185) or with respect to the failure of the underlying claim that HSBC lacked standing to enforce the mortgage, which was previously rejected by the state court in the underlying foreclosure action. *See, e.g., HSBC Bank U.S.A., N.A., As Trustee for the Registered v. Hamilton*, HHD-CV17-6067120-S, Entry Nos. 144.86, 144.00 (denying Hamilton's motion to reargue). The appeal brief does not cite any newly discovered evidence or evidence of fraud and makes no argument that the Bankruptcy Court's judgment is void, other than the previously mentioned standing arguments. And there is nothing in the record suggesting that subsections (5) and (6) of Rule 60(b) apply. Thus, the Bankruptcy Court would have been well within its discretion in denying a Rule 60(b) motion.

Finally, even if I had jurisdiction over an appeal of the order granting relief from the automatic stay, for the reasons articulated in his ruling that is the subject of this appeal, Bankr. ECF No. 48, and those articulated in his original order denying reconsideration, Bankr. ECF No. 26, I would find that Judge Tancredi acted well within his discretion in granting relief from the automatic stay. *Pickering v. M&T Morg. Corp.*, No. 06 Civ. 2284, 2006 WL 2404353, at *3 (S.D.N.Y. Aug. 18, 2006) ("The decision whether to lift a stay is committed to the sound discretion of the bankruptcy judge and may be overturned only upon a showing of abuse of discretion." (internal alterations omitted)).

I have considered the other arguments in Hamilton's brief and find them to be either not the proper subject of this appeal or without merit. *See, e.g.,* 28 U.S.C. § 157(b)(2)(G) (refuting Hamilton's argument that the bankruptcy judge lacked judicial power to terminate the automatic

4

stay, since "Core proceedings [under title 11] include . . . motions to terminate, annul, or modify the automatic stay.").

For the reasons set forth above, I dismiss the appeal. HSBC's motion to dismiss appeal is DENIED as moot.

The timeliness of the appeal was a subject of the Bankruptcy Court's order that prompted this appeal, Bankr. ECF No. 48, and it is discussed in Hamilton's brief, Bankr. ECF No. 16, but it was not the subject of HSBC's motion to dismiss. Therefore, in an abundance of caution, I will not yet close this case and will allow Hamilton to move to reconsider this decision **within 14 days** of this order, which is twice the period allowed by this Court's Local Rule 7(c). Any motion for reconsideration shall not exceed 10 pages of double-spaced text formatted in accordance with Local Rule 7(a).

IT IS SO ORDERED.

/s/
Michael P. Shea, U.S.D.J.

Dated: Hartford, Connecticut
January 6, 2020